Good morning, Your Honors. I'm Stephen Stanwyck. Your Honors, the Court has allotted ten minutes to each side. From my experience, I think that the appellants should make a brief statement and then reserve their time to respond to appellees. Your Honors, to appellants, this is a First Amendment case, just a first instance of just access to the justice system and an applicable application of the laws, to be given the benefit of the procedures, the benefit of federal civil procedure, and the right to conduct their case completely below. Thank you. All right. Thank you. All right. When are you going to rebut? May it please the Court, Your Honor, my name is Robert Lester, and I'm an assistant U.S. attorney representing bankruptcy judge Samuel Bufford. Those who have known me a long time would never know me to be at a loss for words, but I think right now I'm at a loss for words. You're repeating it for the first time, so I'll reserve my evaluation of your reputation. Thank you, Your Honor. I'm a little bit at a loss for words based on the brevity of the appellant's opening foray. Life's unpredictable, isn't it? It certainly is. There are three sets of counsel representing appellees. I'm representing bankruptcy judge Bufford, and there are two other lawyers. It's all in the briefs, isn't it? I just wanted to indicate from the standpoint of time-sharing that I was going to take a couple of minutes, and my co-defendant's counsel can have the balance. Unless the Court has any questions, I think we've adequately, more than adequately briefed the issues of judicial immunity and removal and anything else that the plaintiff's appellants have raised in this case. All right. Thank you. Whatever time you save now, if you come back here at a later date, we give you a little ticket. You can hang it on your wall. I'll be sure and ask for that on the way out, Your Honor. I'm James Roby. I represent appellees Henley-Salzburg, David Ray, Salzburg-Ray, and Bergman, and myself and my firm, Roby and Mathai. I believe we have briefed the issues, frontwards, backwards, adequately. And if the Court has any questions, I'm here prepared to do my best to respond to them. But absent some inquiry from the Court, I believe we'll submit the matter based on the briefs. Okay. Good morning, Your Honors. I'm Jonathan Cole of Nemesek & Cole. I represent Petcholsky, Stang, Zeland, Young, and Nemesek & Cole. I echo the comments of my colleagues with respect to this matter. I think it's been well briefed. And again, absent questions, I have nothing further that I can add to the briefing that we've already filed in this case. Any questions? Any questions? All right. The coffee's still warm and hot out there. Go help yourself. Thank you very much. The matter will stand submitted. Your Honors, may I briefly just... No, no. You had your opportunity, and there's nothing for them to rebut. So what are you going to rebut? I think in fairness, you'll understand. No, there's nothing. You know, when you come up on rebuttal, you're there to rebut what they've said. Now, they haven't said anything. One point, Your Honor. There's nothing. What's the one point? Your Honor, I'm sorry. Your Honor, I wish to make it clear that Defendant Bufford is not sued in his capacity as a bankruptcy judge. That's stated in many, many ways. It's the only point I wish to address that was stated by the U.S. Attorney. Thank you, Your Honor. We understand that. All right. Thanks. And as I say, the coffee's still there. Thank you. The matter is submitted.
judges: Goodwin, Pregerson, Tallman